IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON E. MIZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-cv-858 |
| | ) |
| INNOCENTES SATOR, | ) Judge Campbell |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Jason E. Mize, an inmate at Riverbend Maximum Security Institution in Nashville, Tennessee brings this *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) Mize seeks leave to proceed *in forma pauperis*. (ECF No. 2.) For the reasons set forth herein, the Court will deny the application to proceed as a pauper.

### I. Mize Is a "Three-Striker" under the PLRA

In the usual case, the Court would simply assess the merits of the application to proceed *in forma pauperis* and grant it if the plaintiff made the requisite showing of poverty. Mize, however, has filed at least three lawsuits that were later dismissed as frivolous or malicious or for failure to state a claim. *Mize v. Phelps*, No. 2:99-cv-2099 (W.D. Tenn.) (dismissed as frivolous on Feb. 11, 1999); *Mize v. Williams*, No. 2:06-cv-0259 (E.D. Tenn.) (dismissed for failure to state a claim on July 23, 2007); *Mize v. Woosley*, No. 4:10-cv-119 (W.D. Ky.) (dismissed for failure to state a claim on Oct. 26, 2010; motion to reconsider denied on April 6, 2011).[1] Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. § 1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit *in forma pauperis* if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In other

---

[1] Mize has appealed the dismissal of his claim in *Mize v. Woosley*, No. 4:10-cv-119 (W.D. Ky.), but the pendency of the appeal does not "disturb the finality of the judgment." *Nat'l Labor Relations Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (citation omitted).

words a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603–04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). Section 1915(g) does not provide an independent basis for dismissing a civil action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status. *Sweatt v. Campbell*, No. 99-6146, 2000 WL 658070, at *1 (6th Cir. May 9, 2000). Thus, Mize—even if he states a meritorious claim—will not be entitled to proceed *in forma pauperis* unless he can demonstrate that he meets the "imminent danger" requirement of § 1915(g).

**II.     Mize Has Not Adequately Pleaded "Imminent Danger."**

Mize alleges in his present complaint that he "has been and will continue to be exposed to the risk of imminent danger of serious physical injury unless this Court grants the injunctive relief" he seeks. (ECF No. 1, at ¶ 21.) The question the Court must answer is whether the factual allegations in the complaint support that conclusory assertion. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading.") (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003)). In making that assessment, the Court must construe the plaintiff's *pro se* complaint liberally and consider whether the plaintiff has alleged facts that indicate he was in imminent danger at the time of filing the complaint. *Id.*

Although Congress did not define "serious physical injury" as the term is used in 28 U.S.C. § 1915, various courts have construed the phrase. The D.C. Circuit has held that "a chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'" *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). Similarly, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit found that HIV and hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement. The Seventh Circuit has recognized that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in . . . legs and back" resulting from a denial of medication were serious physical injury. *Ciarpaglini*, 352 F.3d at 330. The Eighth Circuit also has addressed the question, concluding that a spreading infection in the mouth that resulted from a lack of proper dental treatment amounted to a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

-2-

Congress did not define "imminent danger" in the PLRA either. Nor has the Sixth Circuit offered a precise definition of the term, but it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). *See also* Black's Law Dictionary 514–15 (6th ed. 1991) (defining imminent as "[n]ear at hand . . . ; impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening."). Courts that have considered the issue have basically all concluded that failure to treat a chronic and life-threatening illness constitutes the imminent danger of a serious physical injury. *See, e.g.*, *Ibrahim*, 463 F.3d at 6–7; *Brown*, 387 F.3d at 1350.

In the present case, Mize alleges that he was a hepatitis C patient being treated with antiviral therapy.[2] On December 23, 2010, he underwent a liver biopsy. On January 7, 2011, Dr. Innocentes Sator, physician at the institution where Mize is incarcerated, reviewed, signed and dated the biopsy report by Dr. Steven Blount and the pathology report by Dr. Billy R. Ballard. On January 11, Dr. Sator informed Mize that the liver biopsy showed that Mize has Grade 4, Stage 4 cirrhosis of the liver, and as a result could not longer be treated for his chronic hepatitis C. On July 27, 2011, Mize received actual copies of his medical record and became aware that Dr. Blount's liver biopsy report is inconsistent with Dr. Ballard's pathology report. Specifically, Mize alleges that the biopsy report states that "*[t]hree* core samples" of liver tissue were obtained during the biopsy (ECF No. 1, at 2 (emphasis added)), while the pathology report refers to a specimen consisting of "*four* cores of hepatic tissue" (*id.* at 3 (emphasis added)).

Mize now questions the validity of his cirrhosis diagnosis, on the grounds that the pathology report might have referred to someone else's tissue. He pointed out the inconsistency between the biopsy report and the pathology report to Dr. Sator, who replied that the question of whether there were "3 or 4 samples is irrelevant." (*Id.*) Mize insists that Dr. Sator's refusal to send him to get another liver biopsy to confirm the diagnosis of Grade 4, Stage 4 cirrhosis of the liver is contrary to accepted medical practices, and that any

---

[2] The Court notes that this is not the only lawsuit Mize has filed concerning the diagnosis and treatment of his cirrhosis. In *Mize v. Sartor*, Case No. 3:11-cv-684, currently pending before Judge Trauger, the plaintiff was permitted to proceed *in forma pauperis*, despite his status as a "three-striker" under 28 U.S.C. § 1915(g), because he alleged facts that adequately supported his claim of imminent danger of serious physical harm. In addition, Judge Trauger permitted his § 1983 claim to proceed on the basis that Mize stated a cognizable claim under the Eighth Amendment based on factual allegations that supported his claim of deliberate indifference to his serious medical needs.

doctor "acting with any kind of 'Professional Medical Judgment'" would obtain a second biopsy. (ECF No. 1, at 3.) In particular, Mize points out that the decision to stop treatment for his hepatitis C is based on the cirrhosis diagnosis, and that if the latter is incorrect, then he is wrongfully being denied treatment for hepatitis C, a potentially fatal disease. On the basis of these allegations, Mize alleges, as set forth above, that he remains in imminent danger of serious physical injury as a result of Dr. Sator's refusal to send him for a second liver biopsy.

Although Mize maintains that he is in imminent danger of serious physical harm, that allegation is premised upon his speculation that the pathology report *might* pertain to someone else's tissue sample, and that he *might* not actually have cirrhosis, and therefore *might* be suffering harm as a result of the decision not to continue treating his hepatitis C with antiviral medication. The Court concludes that this degree of speculation simply does not support the plaintiff's assertion that he is in imminent danger of serious physical harm.[3] Accordingly, Mize is not entitled to proceed as a pauper. His application to do so must therefore be denied.

### III.     Conclusion

For the reasons set forth herein, Mize's Application to Proceed *in Forma Pauperis* will be denied. An appropriate order will enter.

                                                        *Todd Campbell*
                                                        Todd Campbell
                                                        United States District Judge

---

[3] In another lawsuit filed in January 2011, Mize did allege that prison medical officials denied him medical treatment in the past for his hepatitis C, which resulted in his development of cirrhosis. Because his medical records indicated he was receiving appropriate care at that time and therefore was not under imminent danger of serious physical injury resulting from any failure to treat his chronic conditions, the IFP application submitted in conjunction with that complaint was denied and Mize was granted thirty days to submit the full filing fee. *Mize v. Sator*, No. 3:11-cv-65, ECF No. 43 (M.D. Tenn. June 3, 2011) (Haynes, J.). He was also forewarned that his claim would be dismissed for failure to prosecute if he did not submit the filing fee. Mize has appealed that ruling.